## PEOPLE v. PIPER.

1. WITNESSES—EXCLUSION FROM COURT ROOM — EVIDENCE ON RE-
   BUTTAL.

   A witness is not disqualified from testifying for the prose-
   cution on rebuttal in a criminal case, by reason of his having
   remained in the court room after an order excluding wit-
   nesses, where it was not known or anticipated when the
   order was entered that his testimony would be required.

2. CRIMINAL LAW—HOMICIDE—SELF-DEFENSE.

   The law of self-defense is inapplicable to a case where the
   respondent told the deceased that, if he repeated an accu-
   sation of theft, he would kill him, and thereupon passed out
   of the room and procured a revolver, returning with the
   evident purpose of compelling the deceased to withdraw the
   charge, and immediately afterwards shot him while he was
   stooping to recover a cigar which respondent had struck
   from his hand,—even though respondent thought that the
   deceased was making a movement to take a revolver from
   his pocket.

Error to recorder's court of Detroit; Chapin, J.   Sub-
mitted April 29, 1897.   Decided May 11, 1897.

John Piper was convicted of murder in the second
degree, and sentenced to life imprisonment in the state
prison at Jackson.   Affirmed.

*George X. M. Collier*, for appellant.

*Allan H. Frazer*, Prosecuting Attorney, for the
people.

GRANT, J.   The respondent was convicted of murder
in the second degree.

1. Several assignments of error are directed to the
admission and rejection of testimony.   They were fully
argued in the briefs of counsel and orally.   We have
carefully examined them, and find no error in the rulings

of the court in this regard. A discussion of them would not be of value as a precedent or as a guide in future cases. There is no good reason for writing and publishing opinions which can be of no valuable aid in the trial of other cases.

2. Two witnesses were called by the prosecution in rebuttal. Their names were not indorsed upon the information. An order had been entered by the court excluding all the witnesses from the court room during the trial. These two witnesses had been in the room during a part of the time while the trial was in progress. The prosecuting attorney did not anticipate or know that they would be witnesses. There was no error in the admission of this testimony.

3. Complaint is made that the court did not correctly state the rule of law as to self-defense. The court did instruct the jury as follows:

"If you find from the evidence in this case that Piper killed the deceased in self-defense, honestly believing his own life to be in jeopardy, or that he was in imminent danger of receiving serious bodily injury at the hands of the deceased, and that he used no more force than was necessary to protect himself, then it would be justifiable homicide; and under such circumstances, of course, the respondent would not be guilty."

This is a correct statement of the law. The respondent's counsel requested the following charge:

"I charge you, as a matter of law, that if you find, as a matter of fact, that the respondent, John Piper, actually believed that William Doston, the deceased, made a motion to draw his revolver from his hip pocket, with the intention of taking the life of John Piper, or to do him great bodily harm, by shooting him, the respondent, John Piper, had a lawful right to kill his assailant, to save his own life or prevent the intended bodily harm; and if you believe, as a matter of fact, that the respondent actually believed his life was in danger, and fired the fatal shot to save his own life, it is your duty to render a verdict of not guilty."

This was refused. It·was sufficiently covered by that portion of the oral charge above given.

At the request of the prosecution, the court also gave the following charge:

"Before a person can avail himself of the defense that he used a weapon in the defense of his life, he must satisfy the jury that that defense was necessary, that he did all he could to avoid it, and that it was necessary to protect his own life, or to protect himself from such serious bodily harm as would give him reasonable apprehension that his life was in immediate danger. Ill will of deceased, and former quarrels and affrays, could have nothing whatever to do with respondent's peril, however hostile deceased may have been, and however many quarrels and affrays the parties may have had, if deceased, by his acts and cries, did not threaten peril to respondent. He would not be authorized by law to infer peril on account of ill will or prior contests."

He further gave the following request of respondent:

"If you find, as a matter of fact, that the deceased, Doston, had the general reputation of a quarrelsome and dangerous man, and, further, that Doston was in the habit of carrying a revolver before and after he was a deputy sheriff, and that he had at one time made a brutal attack upon the respondent, and made threats against him, and that these threats came to the knowledge of the respondent, I charge you that, as a matter of law, you have a right to consider this testimony as bearing upon the question of whether they had an influence upon the mind of the respondent, and created fear in his mind as to the danger of receiving serious bodily injury, and whether he acted honestly and in good faith that he must fire the shot to save his own life, or to save himself from further great bodily harm."

To this request the court added:

"You must. be satisfied, however, gentlemen, that the deceased had assailed him, or was about to assail him, and the respondent shot to protect himself."

We think that these requests were more favorable to the respondent than he was entitled to under the facts of this case. It is very questionable whether the claim of

self-defense should have been submitted to the jury at all. The affray in which the respondent had been beaten by the deceased and his brother occurred about three years before. The matter was amicably settled, the deceased and his brother paying the respondent damages for the assault, after which the respondent was employed by them in their saloon, and was so employed at the time he killed the deceased. The deceased, the respondent, and some others had been together during the night previous to the killing of the deceased. Neither had any weapons at the time the dispute began. The parties came into the saloon of the deceased and his brother about 8 o'clock in the morning. The deceased charged Piper with having taken a diamond pin from one Aldrich, who was with them during the night. Respondent denied having taken the pin, and, upon finding that the deceased was evidently in earnest in charging him with having taken it, he said, "If you say that I took that pin, I will kill you." He then threw down his coat, went out of the room into the room where there was a cigar stand, passed around the cigar stand, went behind the bar, got his revolver, went back into the saloon, and flourished it at the deceased, striking his hand and knocking his cigar out of it. The deceased persisted in saying that he took the pin, and, while he was in the act of stooping to pick up the cigar, the respondent fired two or three shots at him, from the effects of which he died the same day. The respondent admitted getting the revolver and going back into the room. He claims that when he fired he thought that the deceased was making a motion to take a revolver from his pocket. When the respondent went out of the room, he was within three steps of the front door leading to the street, and could have gone out. He deliberately got his revolver and returned for the evident purpose of compelling the deceased to withdraw the charge. There was no occasion for arming himself with a deadly weapon. His counsel, in the oral argument, stated that he did not expect, even if a new trial were granted, to acquit the respondent of

any crime. This was an admission that he was guilty of manslaughter. While this admission is not binding upon the respondent, it shows that even in the opinion of his counsel the claim of self-defense cannot be maintained, and in this opinion we concur. Where one kills another in self-defense, he is not guilty of any crime. The deceased had made no threat, and had shown no disposition to provoke an affray. The law does not recognize the right of one to assault another because he had accused him of a crime. Under his own testimony, the respondent was rightly convicted.

The conviction is affirmed.

The other Justices concurred.