PEOPLE v. SANGSTER

1. Murder — Defenses — Self-Defense — Defendant's Reason-
   able Belief — Instruction to Jury.
   Self-defense which results in a homicide requires that the de-
   fendant reasonably believed that he was in imminent danger
   of loss of life or grievous bodily injury, that no retreat was
   possible, and that deadly force was necessary to protect him
   from that reasonably-believed imminent danger; an instruction
   to the jury that the defendant must in fact have been in im-
   minent danger of loss of life or of grievous bodily injury
   in order for the defense to be available is clearly and rever-
   sibly erroneous.

2. Appeal and Error—Instruction to Jury—Conflicting Instruc-
   tions—Erroneous Instructions—Repudiation of Error.
   An instruction to the jury which erroneously describes the ele-
   ments of self-defense and is not followed by a clear and
   specific repudiation of the erroneous charge is clear and re-
   versible error even though the court later instructs the jury cor-
   rectly, because the jury will be presumed to have followed the
   erroneous instructions.

Appeal from Saginaw, Hazen R. Armstrong, J.
Submitted Division 3 April 2, 1971, at Grand Rap-
ids. (Docket No. 8424.) Decided May 21, 1971.

Ollie Lee Sangster was convicted of manslaugh-
ter. Defendant appeals. Reversed and remanded
for new trial.

References for Points in Headnotes
[1] 40 Am Jur 2d, Homicide §§ 140 et seq., 519.
[2] 40 Am Jur 2d, Homicide § 519.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George E. Thick, II,* Prosecuting Attorney, and *Daniel R. Webber,* Chief Assistant Prosecuting Attorney, for the people.

*Robert N. Geyer,* for defendant on appeal.

Before: HOLBROOK, P. J., and BRONSON and O'HARA,\* JJ.

BRONSON, J.   Defendant was tried in the Circuit Court for the County of Saginaw for the crime of second-degree murder.   At trial, defendant pleaded self-defense as justification for the killing.   Trial was commenced on June 3, 1969, and the jury returned a verdict of guilty of manslaughter on June 13, 1969.   Defendant was sentenced to a term of 5 to 15 years in prison.

We note that appointed defense counsel briefed this Court on his position of law and relevant facts of the instant case.   The Saginaw County prosecutor's office had to be prodded to file a brief.   See *People* v. *Walma* (1970), 26 Mich App 326.

Defendant's only issue on appeal relates to the trial court's instruction regarding self-defense.   No objection was made to the trial court's instruction. Nevertheless, defendant contends that the trial court's instruction was erroneous and constituted reversible error.

Although failure to object will ordinarily preclude appellate review of an alleged instructional error, GCR 1963, 516.2, certain exceptions are recognized. It will become apparent from the discussion which follows that the case at bar comes within the purview

---

\* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

of *People* v. *Liggett* (1967), 378 Mich 706, 714. See *People* v. *Price* (1970), 21 Mich App 694.

We have carefully reviewed the trial court's instruction and quote the following relevant parts:

"Now, in order that a person would be put in apprehension, there has to be some sort of an *assault committed*.

\* \* \*

"In justification of the charge made here, the defendant, Ollie Lee Sangster, seems to have interposed a plea of self-defense and under certain circumstances this is a good defense. To make the plea available, it must appear that the defendant was without fault on his part. If he, himself, was the aggressor in the conflict, he cannot invoke the doctrine of self-defense as an excuse for the assault *unless he was at that time in immediate danger of losing his life or suffering some grievous bodily injury* and there was no retreat open to him and his only safety was in striking the blow which caused the injury." (Emphasis added.)

The test of whether "an assault [was] committed" or whether defendant "was at that time in immediate danger of losing his life or suffering some grievous bodily injury" is clearly and reversibly erroneous. *People v. Burkard* (1965), 374 Mich 430, 437, 438. As in *Burkard,* the trial judge in the instant case later stated correctly that the test is whether "there existed at the time of striking the blow *in [defendant's] mind* a present and impending necessity to strike such a blow in order to save himself from death or great bodily harm". (Emphasis added.)

The problem with the quoted portions of the trial court's instruction is that the instruction failed to inform the jury that the self-defense justification for homicide is based upon the circumstances as *they appeared to defendant.*

Our disposition of the instant case, wherein portions of the trial judge's instructions were proper and conflicting erroneous instructions were also given, is controlled by *People* v. *Burkard, supra,* p 438:

"Our decision in *People* v. *Eggleston,* 186 Mich 510, at pp 514 and 515, controls:
" 'In other portions of the charge the learned trial judge laid down the proper rule. * * * We have said, however, that where conflicting instructions are given, one erroneous and the other without error, it may be presumed that the jury followed that instruction which was erroneous.'
"Absent specific and clear repudiation of the erroneous charge given, we may not presume that it was not followed."

For the reasons stated, we reluctantly reverse, and order a new trial.

All concurred.