PEOPLE *v.* ETHERIDGE TURNER

1. CRIMINAL LAW—DEFENSES—SELF-DEFENSE—ESSENTIAL ELEMENTS.
   The defense of self-defense requires that: (1) it must appear that the defendant was not the aggressor, (2) it must appear to the defendant that he was in danger of suffering grievous bodily injury, and (3) it must be shown that there was no way open for the defendant to retreat and that his only safety was in repelling the attack by physical means.

2. CRIMINAL LAW — DEFENSES — SELF-DEFENSE — EVIDENCE — SUFFICIENCY.
   The issue of self-defense was not an issue in defendant's trial for felonious assault and an instruction that the jury should exclude from its deliberation the defense of self-defense was proper where the record reveals that the defendant did not take the stand and did not testify that he acted in self-defense, that witnesses testified that after the complaining witness and the defendant had gotten into an argument the defendant left the house and the victim also left shortly thereafter, which the defendant claims to be sufficient evidence from which it can be inferred that the complaining witness started the fight, and that the arresting police officers testified that the defendant told them that he had been assaulted by the complaining witness, because the evidence was sufficient to establish only, at best, that the defendant was not the aggressor.

3. CRIMINAL LAW—FELONIOUS ASSAULT—LESSER INCLUDED OFFENSES —BATTERY.
   Any lesser offense of which battery is an essential element is not an included offense in a case where the major charge of

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 6 Am Jur 2d, Assault and Battery § 69 *et seq.*
40 Am Jur 2d, Homicide § 139 *et seq.*
[3, 4] 6 Am Jur 2d, Assault and Battery §§ 7, 57.

an information charges felonious assault and does not include a battery.

4. CRIMINAL LAW—FELONIOUS ASSAULT—LESSER INCLUDED OFFENSES
   —ASSAULT AND INFLICTION OF SERIOUS INJURY.
   The offense of assault and infliction of serious injury is not a lesser included offense where the information charges felonious assault and does not include the element of battery (MCLA 750.81a, 750.82).

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 October 7, 1971, at Marquette. (Docket No. 10391.) Decided November 26, 1971. Leave to appeal denied, 387 Mich 767.

Etheridge Turner was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston III,* Chief Appellate Attorney, for the people.

*Martin Reisig,* State Appellate Defender's Office, for defendant on appeal.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM. The defendant was convicted by a jury of felonious assault, a violation of MCLA § 750-.82 (Stat Ann 1962 Rev § 28.277), and was sentenced to serve 2–1/2 to 4 years in prison. He now brings this appeal as of right.

The evidence at trial showed the following. The defendant met a group of people, including the complaining witness, at a bar. The individuals in the group were friends, and they all returned to the home of the complaining witness's sister. Defendant then began making long distance calls against

the wishes of the owner of the home so the complaining witness, Robert Coffey, asked the defendant to leave. Defendant left but several minutes later when Coffey went outside through the back door, defendant attacked Coffey with a knife causing several cuts on his thigh. Coffey called for help, and several individuals came out of the house and separated the two men. Defendant ran away and was eventually picked up in the neighborhood by the police. Defendant raises three issues on appeal which we will discuss in the order presented.

1. *Did the trial judge erroneously exclude self-defense from the consideration of the jury?*

During their deliberations, the jury presented the following question to the court in written form:

"If a knife is had by another person and the individual defends himself with an object which in its use becomes a deadly weapon, is that individual guilty of felonious assault?"

The trial judge interpreted the question to mean that the jury wanted some information with respect to self-defense but then ruled that self-defense was not an issue in the case and instructed them not to consider it. After the jury brought in a verdict of guilty, defense counsel objected to the exclusion by the judge of self-defense from the jury's consideration.

Defendant did not take the stand and testify that he had acted in self-defense. Defendant relies on the testimony of several people at the scene who testified that Coffee left the house shortly after defendant from which it could be inferred that Coffey followed defendant and started the fight. Defendant also points to the arresting officers, who stated that defendant told them that he had been assaulted by Coffey.

Accepting the tenuous indications established by inference and the hearsay testimony of the officers that defendant was not the attacker, but rather a person who responded to the attack, the evidence was still not sufficient to support a case for self-defense. In order to make out a case for self-defense three elements must be established: first, it must appear that the defendant was not the aggressor; second, it must appear to the defendant that he was in danger of suffering grievous bodily injury; and third, it must also be shown by evidence that there was no way open for the defendant to retreat and that his only safety was in repelling the attack by physical means.[1]

The evidence presented by the defendant indicates only the first element of the defense. There appears to have been no evidence of the other two elements. Therefore, even viewing the evidence presented by the defendant in his brief in its best light, there was insufficient evidence presented to the jury to support an instruction on self-defense. Self-defense was not, therefore, before the jury; and the trial judge properly ruled when he eliminated any consideration thereof from their deliberations.

2. *Did the trial judge improperly summarize defendant's case in his charge to the jury?*

Here defendant again argues that the judge should have included an instruction on self-defense. However, we have just ruled that the issue of self-defense was not before the court and that the trial judge acted properly when he excluded it from the jury's consideration. Defendant's contention that the issue was raised in defense counsel's closing argument and

---

[1] 1 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 26, p 46.

therefore should have been included in the trial court's summary is without merit.

*3. Did the trial judge rule improperly when he did not include assault and infliction of injury (MCLA § 750.81a [Stat Ann 1962 Rev § 28.276(1)]) as a lesser included offense of the crime charged?*

Defendant's information charged him only with assault and not with any battery. The case of *People* v. *Kynerd* (1946), 314 Mich 107, rules that where the major charge of an information charging felonious assault does not include the element of battery, any lesser offense of which battery is an essential element is not included in the offense charged.

Since the crime of assault and infliction of serious injury must include a battery, it is not included in the offense with which the defendant was charged. Therefore, the trial judge did not commit reversible error when he did not inform the jury that assault and infliction of serious injury was a lesser included offense within the information charged.

Affirmed.