PEOPLE v BRIGHT

1. CRIMINAL LAW—NONJURY CASE—TESTIMONY—WEIGHT.

A trial court sitting as the trier of fact in a criminal case may give such weight to testimony as it deems proper.

2. HOMICIDE—MANSLAUGHTER.

Manslaughter entails the perpetration of a homicide without malice and the result of temporary excitement by which the control of reason is disturbed, rather than from any wickedness of the heart or cruelty or recklessness of disposition (MCLA 750.321).

3. HOMICIDE—MANSLAUGHTER—SUFFICIENCY OF EVIDENCE.

Ample evidence was presented to justify a finding that a defendant was guilty of manslaughter beyond a reasonable doubt where the evidence, if believed by a trial court sitting without a jury, disclosed that the defendant became temporarily excited over the alleged theft of some liquor and as a result shot and fatally wounded the decedent (MCLA 750.321).

4. HOMICIDE—SELF-DEFENSE.

The defense of self-defense is not available, unless it appears that: (1) the accused was without fault or in other words was not the aggressor in bringing about the conflict; (2) under the circumstances as they appeared to the accused at the time he was in danger of death or of suffering great bodily injury; (3) except where assaulted in his own dwelling, there was no way open to the accused for retreat; and (4) the only recourse lay in repelling the attack by physical means.

5. HOMICIDE—MANSLAUGHTER—SELF-DEFENSE.

A defendant was foreclosed from prevailing in a claim of self-defense to a manslaughter charge where the trial court, as trier

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 5.
    30 Am Jur 2d, Evidence § 976.
[2, 3] 40 Am Jur 2d, Homicide § 54 *et seq.*
[4, 5] 40 Am Jur 2d, Homicide §§ 145, 151.
[6] 58 Am Jur, Witnesses §§ 675, 767 *et seq.*

of fact, found from the evidence presented that the defendant could not have reasonably believed that he was in fear of his life or of suffering great bodily harm in that defendant was armed with a loaded gun, the deceased was not armed at the time he was shot, the decedent had not seriously injured the accused at any time previously, and the defendant upon taking the stand in his own behalf did not testify that he was in fear of his life at the time of the incident; therefore, any improper reference by the trial court pertaining to the defendant's opportunity to retreat was harmless beyond a reasonable doubt.

6. CRIMINAL LAW—EVIDENCE—EYEWITNESSES—INCONSISTENT TESTI-
MONY—FAIR TRIAL.

A defendant's contention that he was denied a fair trial because he was convicted on perjured testimony in that testimony of the prosecution's eyewitnesses contained inconsistencies was without merit since eyewitness testimony is notoriously inconsistent because of the differing ability of eyewitnesses to accurately observe and recall events that occurred; it cannot be said, therefore, that inconsistent eyewitness testimony is per se perjured or that such testimony puts the prosecution on notice that perjured testimony is involved.

Appeal from Genesee, John W. Baker, J. Submitted Division 2 June 18, 1973, at Lansing. (Docket No. 14919.) Decided November 1, 1973.

Sam H. Bright was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Judith F. Siler,* Assistant Prosecuting Attorney, for the people.

*Donald B. Rogers,* for defendant.

Before: T. M. BURNS, P. J., and MCGREGOR and VAN VALKENBURG,* JJ.

T. M. BURNS, P. J. The defendant was charged

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

with first-degree murder.[1] After waiving a trial by jury and having a bench trial, he was convicted of manslaughter[2] and sentenced to a term of 5 to 15 years imprisonment.

The evidence adduced at trial and the findings of fact made by the trial court reveal that at approximately 4:30 p.m. on May 23, 1971, the defendant, in a dispute over some missing liquor, shot and killed one James LaVal while the latter was in the television room on the second floor of the Belmont Hotel in Flint, Michigan. The defendant lived at the hotel and owned and operated a confectionary stand situated on the first floor. Defendant interposed the alternate defenses of insanity and self-defense. The trial court found, however, that at the time of the shooting incident defendant was neither insane nor acting in self-defense.

As the first assignment of error on appeal, defendant claims that there were major discrepancies in the testimony of the prosecution's eyewitnesses and that as a result the trial court was foreclosed from finding beyond a reasonable doubt that he was guilty of manslaughter.

A review of the trial transcript does indeed reveal inconsistencies in the testimony of the prosecution's eyewitnesses. In general, however, the witnesses were consistent in saying that the deceased was in the television room with numerous other individuals when defendant entered the room, that the deceased was lying on the floor, that the defendant made obscene remarks about some missing liquor, and then fired the fatal shots.

In a criminal case tried without a jury, the trial court sitting as the trier of fact may give such weight to testimony as it deems proper. *People v*

---

[1] MCLA 750.316; MSA 28.548

[2] MCLA 750.321; MSA 28.553

*Thomas,* 387 Mich 368; 197 NW2d 51 (1972). Here the trial court may well have considered the inconsistencies the end product of individual differences in perception and recall. Therefore it does not follow that the synopsis of testimony arrayed above was necessarily inaccurate or untruthful. Were we to conclude that the mere presence of inconsistent testimony barred a trier of fact from reaching a verdict there would be few, if any, verdicts that could not be overturned on appeal.

We turn now to consider whether there was evidence presented which would sustain defendant's manslaughter conviction. Manslaughter entails the perpetration of a homicide without malice and the result of temporary excitement by which the control of reason is disturbed, rather than from any wickedness of the heart or cruelty or recklessness of disposition. *People v John Willie Williams,* 26 Mich App 218; 182 NW2d 347 (1970). Here there was ample evidence presented which, if believed by the court, disclosed that the defendant became temporarily excited over the alleged theft of some liquor and as a result he shot and fatally wounded the decedent. We hold, therefore, that the trial court was justified in finding the defendant guilty of manslaughter beyond a reasonable doubt.

Next the defendant contends that the prosecution failed to establish beyond a reasonable doubt that he (the defendant) did not act in self-defense and that the trial court erroneously disposed of the self-defense claim by observing on the record at the close of the proofs:

"Also, that the defense of self-defense does not appear to be adequate here because, in the first place, *defendant was armed at the time with a loaded weapon. He also had an opportunity, obviously, to retreat if he*

*thought that this incident would cause him serious personal harm."* (Emphasis added.)

We also note that the trial court in a subsequent written formal opinion stated the following in relation to the claim of self-defense:

"As to the theory of self-defense, it is clear that LaVal [the decedent] had no weapon in his hands at the time of the fatal incident, nor had he seriously injured the defendant at any time previously. Defendant did not testify that he was in fear of his life or that there is no way that he could have retreated from the scene."

Defendant has launched a two-pronged attack upon the italicized portion of the trial court's opinion arrayed above. First, defendant claims that merely possessing a loaded weapon does not take away the claim of self-defense from an individual. We agree and had the trial court meant otherwise it would have been in error. However, there were other subsequent statements by the trial court indicating that it found defendant's explanation for having the pistol was reasonable and was without intent to use it to kill the decedent thereby barring any conviction for first-degree murder. Therefore reading the statement complained of in the context of the entire opinion, we are convinced that the trial court was implying that defendant's alleged belief he was in danger from the decedent was not reasonable under the circumstances. Consequently we find no error in this portion of the trial court's opinion.

Second, defendant relying on *People v Stallworth,* 364 Mich 528; 111 NW2d 742 (1961), and *Pond v People,* 8 Mich 150 (1860), argues that an individual assaulted in his own dwelling need not retreat and that as a result the trial court's reference to his failure to retreat from the television

room of the hotel where he lived and worked was erroneous.

Inasmuch as defendant is correct in stating that one need not retreat when assaulted in his own dwelling, it would appear at first glance that the question posed by the defendant narrows to whether the communal television room of a hotel where he lived and worked is akin to a private residence. We find no answer to this precise issue in the authorities of this or any other jurisdiction. However, in light of the following discussion we need not reach this question for a proper disposition of the instant appeal.

The element of retreat is but one facet of self-defense. Before the defense of self-defense is available, it must appear that: (1) the accused was without fault or in other words was not the aggressor in bringing about the conflict; (2) under the circumstances as they appeared to the accused at the time he was in danger of death or of suffering great bodily injury; (3) except where assaulted in his own dwelling, there was no way open to the accused for retreat; and (4) the only recourse lay in repelling the attack by physical means. *People v Etheridge Turner,* 37 Mich App 226; 194 NW2d 546 (1971), *lv to app den,* 387 Mich 767 (1972); *People v Stallworth, supra; Pond v People, supra;* See generally 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 26, pp 46–47, and 3 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1693, pp 2043–2046.

As previously recounted, a reading of the trial court's opinion on the record in conjunction with its subsequent written opinion reveals that the trial court found the defendant's alleged belief that he was in danger of death or of suffering great bodily injury was not reasonable under the circumstances. This conclusion is borne out by the trial court's findings, which are supported by the

evidence, that the defendant was armed with a loaded gun, the deceased was not armed at the time he was shot, the decedent had not seriously injured the accused at any time previously, and that the defendant upon taking the stand in his own behalf did not testify that he was in fear of his life at the time of the incident. Therefore inasmuch as the trial court, as the trier of fact, found from the evidence presented that the defendant could not have reasonably believed under the circumstances that he was in fear of his life or of suffering great bodily harm, the defendant was foreclosed from prevailing in a claim of self-defense. Consequently, the trial court's reference pertaining to the defendant's opportunity to retreat was harmless beyond a reasonable doubt.

Finally defendant contends that he was convicted on perjured testimony and thus denied a fair trial. Defendant's claim is based upon the various inconsistencies in the testimony of the prosecution's eyewitnesses. From this defendant argues that knowledge of the allegedly perjured testimony may be implied to the prosecution.

We find no merit in the defendant's contention. Eyewitness testimony is notoriously inconsistent. This phenomenon, however, is readily explained by the differing ability of eyewitnesses to accurately observe and recall the events that occurred. Accordingly, an eyewitness may truthfully relate the events as he perceived them and yet this testimony might conflict with other witnesses who interpreted the events differently. Viewed in this light it cannot be said that inconsistent eyewitness testimony is per se perjured or that such testimony puts the prosecution on notice that perjured testimony is involved.

For all the reasons delineated above, defendant's conviction is affirmed.

All concurred.