# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JUAN ZAMUDIO,

      Defendant-Appellant.

UNPUBLISHED
August 17, 2017

No. 333290
Ottawa Circuit Court
LC No. 15-039577-FH

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

On August 5, 2015, defendant, Juan Zamudio, and Jose Antonio Chiquito, who goes by the nickname "Tony," attended a social gathering at the home of Leonel Hernandez-Arellano, who is known as "Wedo."[1] At some point during the evening, an argument between defendant and Tony escalated into a physical confrontation, and defendant stabbed Tony multiple times. Tony suffered severe injuries, but ultimately survived the altercation. The trial court received conflicting testimony regarding who was the initial physical aggressor. Defendant admitted that he stabbed Tony, but argued that he acted in self-defense after Tony attacked him.

Following a jury trial, defendant was convicted of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, and felonious assault, MCL 750.82. The trial court sentenced defendant to serve 30 to 120 months' imprisonment for his AWIGBH conviction and 24 to 48 months' imprisonment for his felonious assault conviction. Defendant now appeals as of right. We affirm.

Defendant first argues on appeal that he was denied his right to a fair trial by the admission of certain statements made by Detective Scott Weiss in the video of Weiss's interrogation of defendant that was played for the jury at trial. We conclude that defendant has waived appellate review of this issue.

---

[1] When consistent with the trial testimony, we will use nicknames in lieu of proper names throughout this opinion.

At trial, the prosecutor requested permission to play the video recording of the interview for the jury, and defense counsel stated, "No objection." The video was played for the jury, and defense counsel never objected to any portion of the video while it was being played. Defense counsel's affirmative statement that defendant had "No objection" to the admission of this evidence waives review of this issue on appeal and extinguishes any purported error. *People v McDonald*, 293 Mich App 292, 295; 811 NW2d 507 (2011).

Next, defendant argues in the alternative that he received ineffective assistance of counsel based on defense counsel's failure to object and obtain a redacted version of the interrogation video. We conclude that defendant has failed to demonstrate that he was denied his constitutional right to the effective assistance of counsel.

Defendant did not move the trial court for a new trial or for an evidentiary hearing, and defendant's claim of ineffective assistance of counsel is therefore unpreserved. *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000). "Unpreserved issues concerning ineffective assistance of counsel are reviewed for errors apparent on the record." *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012).

"[T]o find that a defendant's right to effective assistance of counsel was so undermined that it justifies reversal of an otherwise valid conviction, a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial." *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994). To show prejudice, the defendant "must show a reasonable probability that the outcome would have been different but for counsel's errors." *People v Grant*, 470 Mich 477, 486; 684 NW2d 686 (2004). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland v Washington*, 466 US 668, 700; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

In this case, we need not decide whether the challenged statements were inadmissible and whether defense counsel's performance was deficient because we conclude that defendant has failed to demonstrate sufficient prejudice. Additionally, this Court "does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012).

Defendant admits that he and Tony engaged in a physical altercation, and that he stabbed Tony multiple times, severely wounding him. In fact, testimony from Tony's treating physician, Dr. Teddy Sasha Vlahu, revealed that defendant stabbed Tony ten times in total, causing Tony to suffer three intestinal lacerations, a collapsed lung, and a cut to a major artery. Dr. Vlahu testified that each of these injuries was potentially life-threatening. The only real issue at defendant's trial was whether defendant acted in self-defense. There was conflicting testimony about who started the physical altercation.[2] Nonetheless, even crediting defendant's assertion

---

[2] Whether defendant or Tony was the initial aggressor is an important factual question, given that an initial aggressor is not entitled to the defense of self-defense. *People v Guajardo*, 300 Mich App 26, 35; 832 NW2d 409 (2013). We need not address that question, however, given that,

that he used the knife in response to Tony's attack, he could not have been found to have acted in lawful self-defense.

An individual has a right, under the Self-Defense Act (SDA) to use deadly force to repel an attacker if he honestly and reasonably believes that (1) he or another person is in imminent danger of death, great bodily, harm, or sexual assault, and (2) deadly force is necessary to prevent the harm. MCL 780.972; *Guajardo*, 300 Mich App at 35-36 (explaining that, although the SDA modified the common-law duty to retreat in some circumstances, the SDA continued to require a person to have an honest and reasonable belief of imminent harm sufficient to justify the use of deadly force). A defendant is only entitled to use the amount of force necessary to defend himself or another person, and "does not act in justifiable self-defense when he or she uses excessive force." *Id*. at 35.

Defendant testified that he was physically disabled and that he believed Tony was going to kill him based in part on Tony's reputation for violence and their ongoing disagreements. According to defendant, Tony jumped on him while he was sitting in a chair and started punching him. Defendant claimed to believe that stabbing Tony was necessary to prevent his own death. Nonetheless, even viewing the circumstances as perceived by defendant—as we are required to do, see *People v Green*, 113 Mich App 699, 704; 318 NW2d 547 (1982)—such a belief was not reasonable under the circumstances. Defendant never claimed that Tony did anything other than punch defendant, that Tony had a weapon of any kind, or that defendant was seriously injured by Tony's punches. *Multiple* life threatening stab wounds are beyond the bounds of what was needed to repel Tony's punches, and constitute excessive force.

Accordingly, because defendant's actions exceeded his right to self-defense, his actions are not privileged under the SDA, and, consequently, he has failed to show that there is "a reasonable probability that the outcome would have been different but for counsel's errors." *Grant*, 470 Mich at 486. Therefore, defendant has not demonstrated that he was denied his right to the effective assistance of counsel. *Strickland*, 466 US at 700.

Finally, defendant argues that his presentence investigation report (PSIR) must be corrected because it contains inaccurate information. We find that defendant has not met his burden to show that the information in the PSIR is inaccurate or irrelevant, and conclude that no alteration to the report is necessary.[3]

"[I]t is imperative that the PSIR accurately reflect the sentencing judge's determination regarding the information contained in the report" because "[t]he Department of Corrections

---

even assuming Tony was the initial aggressor, defendant responded to this aggression with unlawful excessive force.

[3] Defendant did move this Court to remand this case so that defendant could raise his issue regarding the PSIR with the trial court. This Court, however, denied that motion concluding that defendant had "not demonstrated that further factual development of the record or an initial ruling by the trial court" was necessary for this Court to review the issues presented on appeal. *People v Zamudio*, unpublished order of the Court of Appeals, issued March 20, 2017 (Docket No. 333290).

relies on the information contained in the PSIR to make critical decisions regarding a defendant's status." *People v Lloyd*, 284 Mich App 703, 706; 774 NW2d 347 (2009). Accordingly, upon either party's motion, the court must strike inaccurate or irrelevant information from the PSIR before it is sent to the Department of Corrections. *People v Maben*, 313 Mich App 545, 554; 884 NW2d 314 (2015). Still, the PSIR is presumed accurate, and defendant bears the initial burden of showing an inaccuracy or irrelevancy in the PSIR. *Loyd*, 284 Mich App at 705. If defendant effectively meets this burden, "the prosecution must prove by a preponderance of the evidence that the facts are as the prosecution asserts." *Id*.

Defendant argues that the PSIR does not accurately reflect the testimony presented at trial. Primarily, defendant takes issue with the PSIR's account of Wedo's description of the events at issue. In essence, the PSIR describes Wedo as stating that defendant was the initial physical aggressor in the altercation. Defendant claims that this is inaccurate because Wedo testified at trial that Tony was the initial aggressor. While defendant accurately portrays Wedo's direct testimony, defendant ignores that Wedo was impeached by his statements to police shortly after the stabbing, which are consistent with the PSIR's description. Moreover, we find that the PSIR accurately reflects the differing theories presented at trial, in that the PSIR also includes defendant's statement that Tony attacked him and that defendant acted out of self-defense when stabbing Tony.

Finally, defendant argues that the PSIR should include portions of two witnesses' statements that they never saw defendant with a knife. Those statements, however, were made irrelevant by defendant's own testimony that he stabbed Tony with a knife.

We find that the PSIR contains a complete description of the offense and surrounding circumstances, MCR 6.425(A)(1)(b), and that the information contained therein is supported by a preponderance of the evidence, *Lloyd*, 284 Mich App at 705. Thus, there is no correction to be made because defendant has failed to demonstrate that the information in the PSIR is inaccurate or irrelevant, and we deny defendant's request to remand this matter to the trial court. MCL 771.14(6); MCR 6.425(E)(2); *Maben*, 313 Mich App at 554.

Affirmed.

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle

-4-