### PEOPLE *v.* TILLMAN.

ASSAULT AND BATTERY — SELF-DEFENSE — EVIDENCE — PREVIOUS
ASSAULT.

A person charged with assault and battery, who claims to have
acted in self-defense, may show that on the previous day the
complaining witness made an assault upon him for the same
cause, as tending to justify a belief that he was in the act of
commencing another assault.

Error to Houghton; Streeter, J. Submitted November
20, 1902. (Docket No. 218.) Decided December 16, 1902.

Arthur A. Tillman was convicted of assault and battery.
Reversed.

Respondent was convicted of assault and battery upon
one Komoll. Komoll testified that he had pawned certain
tools with the respondent, and secured thereon a loan of
$2, for which he had agreed to pay 50 cents. Respond-
ent testified that he had purchased them, and afterwards
sold them back to Komoll. Komoll paid respondent $2.50,
and received back the tools. Upon examining them he
claimed that some were missing. He charged respondent
with taking them, and threatened him with criminal
prosecution. Komoll entered the store of respondent,
charged him with taking some of the tools, and an affray
between them ensued, each claiming that the other was
the aggressor and struck the first blow. On the day pre-
vious, Komoll and respondent met upon the street, and
Komoll then charged respondent with taking some of the
tools. An altercation there ensued, in which each charged
that the other was the aggressor. The details of the
transaction between the two were fully detailed to the
jury. The court instructed the jury that the altercation
upon the street the day before could not be considered by
them, except as it bore on the credibility of the witnesses,
and added:

"But it would have considerable bearing—might have a considerable bearing—if the case rested alone on the complaining witness and on the testimony of the defendant as to which one was likely to be the aggressor on the night of the 12th."

*W. A. Burritt*, for appellant.

*Oscar J. Larson*, Prosecuting Attorney, for the people.

Grant, J. (*after stating the facts*). We think the court erred in this instruction. The affray took place in the respondent's store. He claimed that he acted in self-defense. The complaining witness admitted that he was under the influence of liquor when both altercations occurred. Previous assaults, the conduct and threats of the complaining witness, were competent for the jury to consider in determining the state of mind of the defendant and the character of his acts. The respondent was justified in acting in view of the surrounding circumstances as they appeared to him at the time. If the complaining witness had made a previous assault upon him for the same cause on the day before, and his attitude and conduct were such as to justify a belief that he was in the act of commencing another assault upon him, the law did not require him to wait until an actual assault had been made. *Galbraith* v. *Fleming*, 60 Mich. 403 (27 N. W. 581).

Conviction reversed, and new trial ordered.

The other Justices concurred.