PEOPLE v. WRIGHT.

1. INDICTMENT AND INFORMATION — ASSAULT AND BATTERY—SUFFICIENCY.

An information in the language of the statute charging an assault "with intent then and there to commit the crime of murder" is sufficient and will support a conviction of assault with intent to do great bodily harm less than the crime of murder, though there is no averment of willfulness or malice aforethought.

2. HOMICIDE—SELF-DEFENSE—RIGHT TO ACT ON APPEARANCES.

In a prosecution for assault with intent to kill, committed with a pistol, where respondent claims that the person assaulted was advancing on him with a drawn knife, an instruction which makes the question of self-defense turn wholly upon the question whether the person assaulted had a knife, and ignores the rule that respondent had the right to act upon the circumstances as they reasonably appeared to him, is improper.

3. CRIMINAL LAW—APPEAL— RECORD — CERTIFICATE OF JUDGE—
   CONSTRUCTION.
   Where error is assigned to the ignoring in the charge of respondent's theory, the certificate of the judge that he heard no such argument, that counsel's argument was not taken by the stenographer, and that that theory of defense was not presented to him on the trial, by request or otherwise, does not negative the fact that such argument was made, nor show that respondent waived any defense that the evidence left open to him.

Exceptions before judgment from St. Clair; Law, J. Submitted May 3, 1906. (Docket No. 153.) Decided July 3, 1906.

James Wright was convicted of an assault with intent to do great bodily harm less than the crime of murder. Reversed.

*Cady & Crandall*, for appellant.

*Alex. Moore*, Prosecuting Attorney, for the people.

MONTGOMERY, J.   The respondent was convicted of the offense of assault with intent to do great bodily harm less than the crime of murder.   The case comes before us on exceptions before judgment.

The information charged an assault on James A. Penny in admittedly sufficient detail, and added, "with intent then and there to commit the crime of murder."   It was contended that under this information the respondent could properly be convicted of no greater offense than assault, for the reason that the information, in so far as it attempts to charge the intent to commit the aggravated offense, fails to aver willfulness or malice aforethought. The objection is without force.   The information followed the language of the statute, and this is sufficient. *Rice* v. *People*, 15 Mich. 9; *People* v. *Taylor*, 96 Mich. 576 (21 L. R. A. 287).

The circumstances of the assault as detailed by the people's witnesses were as follows:  On June 25, 1905, re-

spondent, in company with one Rosetta Tisman, called at
the home of James A. Penny, in the city of Port Huron,
about the hour of 6 o'clock in the evening. The claimed
purpose of the visit of respondent to the home of Penny
was to obtain possession of a watch which had been by
respondent left with one John Pariso, son-in-law of
Penny. Some months prior to the date in question Pariso
had delivered possession of the watch to Penny, and at
some time between the date Pariso obtained the watch
and June 25th the watch had been broken and Penny had
paid the bill for having the watch repaired, amounting to
$1. At the time respondent let Pariso have this watch
he obtained a loan on the same of 25 cents. When re-
spondent made a demand for the watch upon James
Penny, he (Penny) at first informed Wright that he had
$1.25 against it, but later in the conversation Penny ten-
dered the watch to the respondent without the repayment
of any money whatsoever. Before any controversy arose
between the respondent and Penny, Rosetta Tisman
stated to Penny that the watch in controversy was one
which belonged to her husband, and that Penny had no
right thereto. To this Penny replied that, if the watch
belonged to her husband, respondent had no right to
pawn it. Rosetta Tisman then turned to respondent and
said, "Jim, did you hear him swearing at me?" Penny
denied having sworn at Rosetta Tisman, and stated that,
if he had done so, he was sorry for it. At this respond-
ent handed his overcoat and umbrella to Rosetta Tisman,
and started toward James Penny. Penny then began
backing up away from respondent, who followed him up.
Rosetta Tisman then said: "Look out! He is drawing
a knife." At this respondent drew a gun out of his
pocket and said: "You old son of a bitch, you would
cut me, would you?" When respondent started toward
Penny, he was away a distance of from 10 to 12 feet.
The revolver was fired off, inflicting a wound to Penny's
scalp.

Respondent testified that he saw Penny take out of his

pocket a knife, open it, and attempt to strike him (respondent) with it.   Penny testified that he had no knife in his hand at any time.

The circuit judge charged the jury as follows:

"The respondent does not deny that he fired a revolver shot which struck James A. Penny, but admits that he did so, and claims that he did so in self-defense.   He claims that James A. Penny assaulted him with a knife, and that he (the respondent) only took such defensive and aggressive measures towards James A. Penny that at the time and under the circumstances he considered necessary in order to protect himself from injury.   If you find that James A. Penny did assault the respondent with a knife, and if you further find that the respondent, under all the circumstances of the case as they appeared to him at the time, honestly believed that he was in danger of his life or of great bodily harm, and honestly believing that it was necessary for him to do what the evidence shows he did do in order to save himself from such apparent or threatened danger, then you should find him not guilty of any of the charges here made against him.   However, if James A. Penny did not assault the respondent with a knife, then the defense here made of self-defense fails; for it is not claimed that Mr. Penny did any other act to respondent which justified the use of the revolver as the respondent did use it, except to assault the respondent with a knife.   Hence it becomes an important matter for you to determine whether or not James A. Penny assaulted the respondent with a knife on the occasion in question.   In determining this question of self-defense, you should take into consideration the question of whether James A. Penny or the respondent was the aggressor, so far as an assault made by either on the other is concerned.

" *Mr. Cady:* I think the court should instruct the jury that it was as it occurred to the defendant there.

" *The Court:* I think I have covered it thoroughly."

Error is assigned on that portion of the charge which in effect withdraws from the consideration of the jury the defense of self-defense in case the jury should find that Penny had no knife.   The record shows that the respondent's counsel contended to the jury that, even though Mr. Penny did not have a knife, if the circumstances were

such that the respondent had reason to believe that he did have a knife, and that respondent was in fear of his life or great bodily harm, he was justified in using such force in self-defense as appeared necessary at the time.

The circuit judge certifies that he heard no such argument, and that counsel's argument was not taken down by the stenographer, and that that theory of defense was not presented to the circuit judge on the trial, by request to charge or otherwise. The certificate does not negative the fact that such argument was made to the jury. At the most it cannot be said that respondent waived any defense which the testimony left him open to make. The charge was erroneous in making the question of self-defense turn wholly upon the question of whether Penny had a knife. The rule that the respondent had the right to act upon the circumstances as they reasonably appeared to him was recognized in one portion of the charge, but this portion of the charge ignores this rule. See *Hurd* v. *People*, 25 Mich. 405; *People* v. *Lilly*, 38 Mich. 270.

We think the rulings admitting testimony as to the relations between Rosetta Tisman and respondent, and permitting inquiry into the past life of respondent, were within the discretion of the trial judge.

For the error pointed out, the conviction is set aside, and a new trial ordered.

McALVAY, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.