PEOPLE v CAMERON

1. CRIMINAL LAW—SELF-DEFENSE—EVIDENCE.

It must be shown that under all of the circumstances as they appeared to an accused at the time, he was in danger of suffering death or great bodily harm, for him to prevail on a claim of self-defense.

2. CRIMINAL LAW—SELF-DEFENSE—EVIDENCE—PRIOR THREATS.

Prior threats made by the victim to a party accused are properly admissible into evidence in a prosecution for assault or homicide in order to apprise the trier of fact of all of the circumstances known to the accused at the time of the assault or homicide.

3. CRIMINAL LAW—EVIDENCE—HEARSAY—SELF-DEFENSE—THREATS— STATE OF MIND.

The admission of the out-of-court statements of a victim of a homicide regarding threats made to the accused was not repugnant to the hearsay rule where the statements were offered to show a defendant's apprehensive state of mind and where the testimony was not offered to prove the truth of the matters recited.

Appeal from Wayne, Blair Moody, Jr., J. Submitted Division 1 November 15, 1973, at Detroit. (Docket No. 16571.) Decided March 29, 1974.

Dwight Cameron was convicted of manslaughter. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 29 Am Jur 2d, Evidence § 133.
Proof to establish or negative self-defense in civil action for death from intentional act, 17 ALR2d 601.

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Juste A. Rosati* and *Carl Ziemba,* of counsel, for defendant.

Before: BRENNAN, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

PER CURIAM. Defendant was found guilty by a jury of manslaughter.[1] He was sentenced to a term of from 8-1/2 to 15 years imprisonment and appeals as of right.

Of the numerous errors raised by the defendant, we find only one persuasive, namely, whether the trial court erred by excluding from evidence testimony concerning the contents of a message from the deceased to the defendant which purportedly contained threats of violence. Inasmuch as the question under consideration relates to the admissibility of certain testimonial evidence, it is not necessary to chronicle the details of the homicide itself.

The message in question from the deceased was relayed to the defendant through an intermediary while the deceased was incarcerated in connection with certain other crimes committed in conjunction with the defendant. At trial the intermediary related that the message was one of violence. The prosecution, at this point, objected on the grounds of hearsay. The objection was sustained, and the trial court ordered the witness's answer stricken from the record.

---

* Former *circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.*

[1] MCLA 750.321; MSA 28.553.

The defendant interposed the claim of self-defense and in addition took the stand in his own behalf. He testified that he and the decedent had engaged in prior criminal activity together and were eventually arrested for stealing tires. Defendant explained that he confessed to the crime, petitioned the court for youthful trainee status, and was subsequently sentenced to two years probation. The decedent was given a jail sentence for his part in the crime. The defendant contined his testimony saying that he received a message from the decedent via a go-between while the decedent was in jail. When defense counsel asked the defendant to relate the contents of the message, the prosecution once again objected asserting that the defendant's answer was "double hearsay" and was offered to prove the truth of the matter asserted. The trial court sustained the objection, and defendant's answer was not taken.

For an accused to prevail on a claim of self-defense, it must be shown that under all of the circumstances as they appeared to him at the time, he was in danger of suffering death or great bodily harm. *People v Vail,* 49 Mich App 578; 212 NW2d 268 (1973); 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 26, pp 47–48. Consequently, in order to apprise the trier of fact of all of the circumstances known to the accused at the time of the assault or homicide, it is well settled that prior threats made by the victim to the accused are properly admissible into evidence. 1 Gillespie, Michigan Criminal Law & Procedure (2d ed) § 418, p 501. Moreover, the admission of the victim's out of court statements *(i.e.,* threats made to the accused) is not repugnant to the hearsay rule. As stated by Professor McCormick in analyzing the various exceptions to the hearsay rule:

"The same rationale applies to proof by the defendant, in cases of assault or homicide, of communicated threats made to him by the person he is alleged to have killed or assaulted. If offered to show his reasonable apprehension of danger, it is not offered for a hearsay purpose; its value for this purpose does not depend upon the truth of the statement." McCormick, Evidence (2d ed) § 249, p 590.

After the prosecution objected to the question directed to the defendant concerning the contents of the message received from the decedent, defense counsel argued that the defendant's answer was offered to show the defendant's state of mind and was not offered to establish the truth of the matter contained in the message.

Applying the principles discussed above to the foregoing circumstances, it is readily apparent the trial court erred by excluding defendant's testimony concerning the contents of the decedent's message, since such testimony was offered to show the defendant's apprehensive state of mind and not to prove the truth of the matters recited in the message. Moreover, although the record discloses that the defendant was later permitted to testify relative to threats allegedly personally made by the decedent to defendant, the exclusion of testimony relating to the contents of the decedent's purportedly threatening message cannot be classified as harmless error inasmuch as the trier of fact is entitled to consider *all* of the circumstances known to defendant at the time of the homicide. *People v Vail, supra;* 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 26, pp 47–48.

For the reasons delineated above, defendant's conviction is reversed, and the case is remanded for a new trial.