PEOPLE v SHELTON

1. Criminal Law—Self-Defense—Reasonable Belief—Actual Necessity.

A person may act in self-defense where circumstances present the person with a reasonable belief that he is in danger of death or serious bodily harm; an honest belief in the necessity for action, not actual necessity, is the proper test for self-defense.

2. Criminal Law—Self-Defense—Evidence—Prior Threats.

Prior threats or conduct of a victim may be considered by the trier of fact in determining whether a defendant acted in self-defense.

3. Criminal Law—Instructions to Jury—Conflicting Instructions—Presumptions.

It may be presumed that the jury followed an erroneous instruction where conflicting instructions were given, one erroneous and the other without error.

Appeal from Genesee, Ollie B. Bivins, Jr., J. Submitted March 14, 1975, at Lansing. (Docket No. 19340.) Decided September 10, 1975.

Eugene Shelton was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division and *F. Jack Belzer,* Assistant Prosecuting Attorney, for the people.

References for Points in Headnotes
[1, 2] 6 Am Jur 2d, Assault and Battery §§ 69–80.
[3] 75 Am Jur 2d, Trial §§ 628, 920.

*Edward L. Parker,* for defendant.

Before: LESINSKI, C. J., and BRONSON and ALLEN, JJ.

LESINSKI, C. J. Defendant was charged with assault with intent to commit murder, MCLA 750.83; MSA 28.278. At his trial before a jury, defendant raised the issue of self-defense. The jury returned a verdict of guilty of the lesser included offense of assault with intent to do great bodily harm less than murder, MCLA 750.84; MSA 28.279. Defendant appeals his conviction as of right.

At one time defendant and Augusta Ivory, the complaining witness, considered themselves friends. Nevertheless, Ivory, claiming he was "paying back" defendant for a similar incident, had intercourse with defendant's girlfriend while she was under the influence of drugs. When defendant learned of Ivory's exploits he attacked him with a wine bottle. Ivory defended himself with a two-by-four. Others broke up the fight before defendant or Ivory suffered serious injury, but they exchanged serious threats before parting. For the next month or so defendant tried to avoid Ivory. From others he had heard that Ivory was threatening to kill him and that Ivory was often armed.

On the evening of October 2, 1973, defendant was sitting with a woman on the porch of the apartment house where Ivory's sister lived. Seeing Ivory approaching, defendant told the woman to leave. She took a few steps then returned to the porch. Defendant shouted to Ivory, "Hold it, Gus; hold it right there". Ivory continued towards the apartment house. When he reached the steps, defendant shot once, hitting Ivory in the chest, then he fled with the woman. Defendant claimed he thought Ivory had a knife, but Ivory was un-

armed at the time. His wound was serious but not fatal.

The trial court included in its charge on self-defense the following:

"Going one step further, before a person can avail himself of the defense that he used a weapon in the defense of his life, he must satisfy the jury that that defense was necessary, that he did all he could to avoid it, and that it was necessary to protect his own life or to protect himself from such serious bodily harm as would give him reasonable apprehension that his life was in immediate danger. Ill will of the victim and former quarrels and affrays could have nothing whatever to do with the respondent's peril, however hostile the victim may have been, and however many quarrels and affrays the parties may have had, if the victim by his acts and cries did not threaten peril to the respondent, he would not be authorized by the law to infer peril on account of ill will or prior contests."

Defendant's counsel objected to the court's instructions as containing misstatements of the law on self-defense. We agree.

For over 100 years Michigan law has acknowledged the right of a person to act upon a reasonable belief that he is in danger of death or serious bodily harm. Actual necessity is not the test for self-defense; where circumstances present a person with reasonable cause to believe he is in danger he may respond, even if his belief is later shown to have been a mistaken one. *Pond v People,* 8 Mich 150 (1860). See, also, *People v Macard,* 73 Mich 15; 40 NW 784 (1888), *People v Giacalone,* 242 Mich 16; 217 NW 758 (1928), and *People v Cameron,* 52 Mich App 463; 217 NW2d 401 (1974).

In *People v Burkard,* 374 Mich 430; 132 NW2d 106 (1965), the Supreme Court found error in the

part of the trial court's instruction that required a finding that an assault was in fact about to be made before the defendant would be justified in using lethal force to protect his wife. The proper test, stated the Court, was not necessity in fact but rather an honest belief in the necessity for action.

It is unlikely that *Burkard* introduced a new determination for self-defense cases—whether a defendant's belief in impending harm was honest or dishonest. The test of "honest belief", we take it, means only that a defendant's conduct should be judged "from the circumstances as they appeared to him at the time". *People v Tubbs,* 147 Mich 1, 12; 110 NW 132 (1907).

"The question to be determined is, did the accused, under all the circumstances of the assault, as it appeared to him, honestly believe that he was in danger of his life, or great bodily harm, and that it was necessary to do what he did in order to save himself from such apparent threatened danger?" *People v Lennon,* 71 Mich 298, 300–301; 38 NW 871 (1888).

The portion of the trial court's instruction quoted above was taken from 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 906, Form No. 411, p 1288. It is at best misleading to the jury, giving them the impression that only actual necessity, not a reasonable but mistaken belief in necessity, would justify extreme action in self-defense. The jury was told that self-defense requires finding "that defense was necessary", not that defendant reasonably believed it was necessary, and finding that the victim threatened peril, not that the defendant perceived peril. The instruction also implied that prior threats or conduct of the victim should not be considered. They have an importance in determining the reasonableness of

defendant's belief. See *People v Giacalone, supra, People v Cameron, supra.*

In *People v Bennett,* 121 Mich 241; 80 NW 9 (1899), the Supreme Court considered a charge containing language almost identical to that used by the trial court. Even though another part of the court's charge correctly stated that the defendant could act upon the circumstances as they appeared to him, inclusion of the misleading and erroneous portion required reversal. Reversals of conviction for similarly conflicting and confusing instructions on self-defense can be found in *Burkard, supra,* and *People v Wright,* 144 Mich 586; 108 NW 92 (1906). Part of the trial court's instruction properly focused the jury's attention on the defendant's apprehension of possible danger. This does not negate the harm caused by the part of the instruction that was improper. "In other portions of the charge the learned trial judge laid down the proper rule * * * . We have said, however, that where conflicting instructions are given, one erroneous and the other without error, it may be presumed that the jury followed the instruction that was erroneous." *People v Eggleston,* 186 Mich 510, 514–515; 152 NW 944 (1915).

We need not consider defendant's other allegations of error. Nor is it necessary to discuss a significant issue not raised by defendant, whether it was reversible error to instruct the jury on an aggressor's inability to invoke self-defense. See *People v Townes,* 391 Mich 578; 218 NW2d 136 (1974).

Reversed and remanded.