PEOPLE v COOPER

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—RIGHT TO PROPER INSTRUC-
   TIONS—WAIVER—FAILURE TO OBJECT.

   A defendant has a right to have a properly instructed jury pass
   upon the evidence; error of a trial judge in instructing a jury
   on the law of the case is not waived by failure to object.

2. HOMICIDE—SELF-DEFENSE.

   The self-defense justification for homicide is based upon the
   circumstances as they appeared to defendant, and not as they
   actually existed; these circumstances must, as they appeared to
   the defendant, result in a reasonable belief that he is in danger
   of death or serious bodily harm.

3. HOMICIDE—MURDER—SELF-DEFENSE.

   A defendant who claims self-defense in a murder trial may offer
   evidence of prior threats made against him by the deceased and
   of altercations between defendant and the deceased.

4. HOMICIDE—MURDER—SELF-DEFENSE—VICTIM'S REPUTATION FOR VI-
   OLENCE.

   Evidence of the deceased's reputation for violence in a murder
   trial of a defendant who claims self-defense is admissible to
   show the state of mind of the defendant or to show which party
   was the aggressor in the affray.

5. EVIDENCE—REPUTATION FOR VIOLENCE—CRIMINAL LAW—SPECIFIC
   ACTS.

   Evidence of a person's specific acts of violence is not admissible to
   show his general reputation for violence.

6. HOMICIDE—MURDER—SELF-DEFENSE—EVIDENCE—VICTIM'S REPUTA-
   TION FOR VIOLENCE—SPECIFIC ACTS.

   A defendant who claims self-defense in a murder trial, in order to

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 76 Am Jur 2d, Trial §§ 906–918.
   Duty of trial court to instruct on self-defense, in absence of request
   by accused. 56 ALR 2d 1170.
[2–4] 40 Am Jur 2d, Homicide §§ 322, 519–521.
[4–6] 40 Am Jur 2d, Homicide §§ 301–309.

show that he believed he was in danger of injury or death at the hands of the deceased, may offer proof of specific violent acts of the deceased directed against third persons where these acts were known to the defendant.

Appeal from Saginaw, Joseph R. McDonald, J. Submitted January 5, 1977, at Lansing. (Docket No. 24047.) Decided March 1, 1977.

James M. Cooper was convicted of second-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Prosecuting Attorney, *Robert A. Derengoski,* Solicitor General, *E. Brady Denton, Jr.,* Prosecuting Attorney, and *Peter C. Jensen,* Assistant Prosecuting Attorney, for the people.

*Marshall S. Redman,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, C. J., and BASHARA and R. M. MAHER, JJ.

DANHOF, C. J. Defendant was convicted of second-degree murder, contrary to MCLA 750.317; MSA 28.549, and sentenced to a term of from 10 to 20 years imprisonment. Defendant appeals by right.

Defendant claims that the self-defense instructions given by the trial judge were reversibly erroneous. The self-defense instructions complained of are indistinguishable from those given in *People v Shelton,* 64 Mich App 154; 235 NW2d 93 (1975). It appears that here, as in *Shelton, supra,* the trial judge relied upon 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 906, Form No. 411, p 1288, which states that a defendant "must satisfy the jury that that defense *was*

*necessary,* that he did all he could to avoid it, and that it *was necessary* to protect his own life". (Emphasis added.) In *Shelton, supra,* at 157, this Court said that that instruction "is at best misleading to the jury, giving them the impression that only actual necessity, not a reasonable but mistaken belief in necessity, would justify extreme action in self-defense". In addition, as in *Shelton, supra,* the trial judge's instruction that "Ill will of the victim and former quarrels and affrays could have nothing whatever to do with the respondent's peril", "implied that prior threats or conduct of the victim should not be considered". *Id.* The law is otherwise. *People v Giacalone,* 242 Mich 16; 217 NW 758 (1928), *People v Cameron,* 52 Mich App 463; 217 NW2d 401 (1974). Although defense counsel failed to object to the above portions of the trial judge's self-defense instruction, the error is not waived when, as here, the trial judge improperly instructed the jury on the law of the case. Defendant had a right to have a properly instructed jury pass upon the evidence. *People v Townes,* 391 Mich 578; 218 NW2d 136 (1974), *People v Reece,* 9 Mich App 108; 155 NW2d 870 (1967), see MCLA 768.29; MSA 28.1052. The instruction here was confusing and misleading, and therefore warrants reversal. *People v Townes, supra, People v Liggett,* 378 Mich 706; 148 NW2d 784 (1967).

*People v Perez,* 66 Mich App 685, 692; 239 NW2d 432 (1976), provides guidance in the formulation of appropriate instructions on self-defense:

"[W]e think that two aspects of self-defense should be consistently emphasized in the instructions upon retrial. First, the self-defense justification for homicide is based upon the circumstances *as they appeared to defendant, and not as they actually existed, People v*

*Burkard,* 374 Mich 430; 132 NW2d 106 (1965), *People v Sangster,* 33 Mich App 712; 190 NW2d 317 (1971). Second, *those circumstances as they appeared to the defendant must result in a reasonable belief that he, the defendant, is in danger of death or serious bodily harm, People v Lenkevich,* 394 Mich 117, 124; 229 NW2d 298 (1975), *People v Shelton,* 64 Mich App 154; 235 NW2d 93 (1975), *People v Bright,* 50 Mich App 401, 406; 213 NW2d 279 (1973)." (Emphasis added.)

Although our holding with respect to the self-defense instruction requires reversal, we proceed to consider defendant's other assignments of error because they involve questions likely to be raised upon retrial of this cause. First, defendant claims on appeal that the trial judge erred in excluding certain testimony relating to a prior violent act by the victim, Liddell. After defendant testified that Liddell had once pulled a gun on him, he attempted to testify that Liddell had shot defendant's brother. The trial judge sustained the prosecutor's objection and instructed the jury to disregard the testimony. Because defense counsel made no attempt thereafter to lay a foundation for the admission of such testimony, we are unable to determine whether it would have been admissible, but we are of the opinion that under certain circumstances it would be.

The rule permitting a defendant who claims self-defense to offer proof of prior threats made against him by the victim and altercations between the defendant and the victim is well settled. *People v Ake,* 362 Mich 134; 106 NW2d 800 (1961), *People v Giacalone,* 242 Mich 16; 217 NW 758 (1928), *People v Tillman,* 132 Mich 23; 92 NW 499 (1902), *People v Cameron,* 52 Mich App 463; 217 NW2d 401 (1974). "For an accused to prevail on a claim of self-defense, it must be shown that under all of the

circumstances *as they appeared to him at the time,* he was in danger of suffering death or great bodily harm." *People v Cameron, supra,* at 465 (emphasis added). Accordingly, evidence of specific violent acts or threats by the victim directed against the defendant is admissible "to show the defendant's apprehensive state of mind." *Id,* at 466, *People v Giacalone, supra,* at 21–22. Evidence of the victim's reputation for violence, on the other hand, is admissible for two purposes:

"It is held to be circumstantial evidence bearing on the state of mind of the defendant *or* on the question of which party was the aggressor in the affray." *People v Stallworth,* 364 Mich 528, 536; 111 NW2d 742 (1961). (Emphasis added.)

"Where the evidence of propensity for violence is offered to corroborate other evidence that the victim of the assault was the aggressor, it whould *(sic)* not be necessary to show knowledge on the part of the defendant of the victim's aggressive character. But on the issue of self-defense where the question is whether the defendant acted upon reasonable apprehension of danger, he must show that the other party's character or reputation for violence was known to him, or that threats of violence were actually communicated to him, since it is the defendant's state of mind or his belief of impending peril which is the subject of inquiry." I Jones, Evidence (6th Ed), § 4.40, pp 464–465.

Evidence of the specific act to which defendant attempted to testify, *viz.* evidence that Liddell shot defendant's brother, would not be admissible as evidence of Liddell's general reputation as a person having a violent character. *People v Cellura,* 288 Mich 54, 64; 284 NW 643 (1939). That specific acts of violence by Liddell would not be admissible to prove his general reputation for violence does not render proof of such acts inadmissible for any purpose, however. In *People v Rapier,* 43 Mich

App 297; 204 NW2d 339 (1972), a prosecution of the victim's wife for second-degree murder, defendant attempted to introduce evidence that the victim had raped four young girls, including her daughter and her niece. This Court affirmed the trial judge's exclusion of evidence that the deceased victim had committed rapes because neither defendant nor anyone else was in imminent danger of being sexually assaulted. The Court indicated in dictum that evidence of beatings or other specific violent acts directed against third persons by the deceased would have been admissible, as bearing upon the likelihood that defendant was afraid of the deceased, if they were known to the defendant. *People v Rapier,* at 303–304. In the instant case the specific act of violence alleged to have been committed by Liddell against defendant's brother was identical to that which defendant claims to have feared his victim would commit against him. Therefore, we think that such evidence would be admissible, upon laying a proper foundation establishing that defendant knew that Liddell had shot his brother, as suggested by *Rapier, supra,* to show that defendant's state of mind was such that he reasonably apprehended danger of serious bodily injury or death at the hands of his victim. We agree with the reasoning in *People v Harris,* 95 Mich 87, 90–91; 54 NW 648 (1893), in which the Court held that it was error to exclude such testimony because defendant's knowledge or information concerning violent encounters between the deceased and other antagonists would have "materially increased his apprehension of danger". *Accord, People v Farrell,* 137 Mich 127, 130; 100 NW 264 (1904), *People v Rapier, supra,* see *Hurd v People,* 25 Mich 405, 418 (1872), *but cf. People v Dowd,* 127 Mich 140, 143; 86 NW 546 (1901). *People v Cellura, supra,* at 64, is not to the

contrary, since evidence of the deceased's specific acts of violence directed towards third persons, if known to the defendant at the time of the fatal encounter, would be "directly connected with and involved in the homicide", inasmuch as defendant's "mental condition [at the time of the slaying] must necessarily be materially affected by any knowledge he possessed of the physical strength or violent temper of the deceased, or his violence when in anger". *People v Harris, supra,* at 91; see *People v Knott,* 59 Mich App 105, 109–111; 228 NW2d 838 (1975).

Defendant's contention that the trial court's instruction on the element of malice was erroneous was decided adversely to him in *People v Rosemary Gibson,* 71 Mich App 543; 248 NW2d 613 (1976). Finally, defendant's contention that the prosecutor's rebuttal argument contained unfair, improper, and prejudicial remarks constituting grounds for reversal is without merit. Defense counsel did not object to any of the prosecutor's remarks. Any prejudice that may have resulted from the prosecutor's comments could have been rectified by timely objection and appropriate cautionary instructions, and therefore the remarks are not grounds for reversal. *People v Hall,* 396 Mich 650; 242 NW2d 377 (1976), *People v Humphreys,* 24 Mich App 411; 180 NW2d 328 (1970).

Reversed and remanded.