PEOPLE v NICHOLS

Docket No. 57839. Submitted October 13, 1982, at Detroit.—Decided March 14, 1983.

Larry D. Nichols was convicted of manslaughter, Detroit Recorder's Court, Justin C. Ravitz, J. The defendant appealed alleging that the trial court erred (1) in finding that evidence of the deceased's prior convictions was not admissible and (2) by instructing the jury that if there were two reasonable interpretations of the evidence, one indicating innocence and one indicating guilt, the jury must accept the latter. *Held:*

1. The trial court did not err in refusing to admit evidence of the victim's prior convictions because the defendant did not claim that he had knowledge of the convictions or that the convictions were related to, or involved with, the homicide. Because the defendant sought to introduce evidence of the victim's prior convictions as proof that the victim was the aggressor, admission of the evidence was prohibited.

2. The alleged error in the instructions to the jury was an error in transcription not in the instructions themselves. The Court of Appeals accepted the affidavit of the court reporter indicating such error and exercised its discretionary power to correct the error in the transcript.

Affirmed.

1. Homicide — Self-Defense — Evidence — Violent Character of Deceased.

Evidence of specific instances of violence by the deceased victim in a homicide trial may be admitted only if directly connected with and involved in the homicide or if known by the defendant in order to show the deceased's quarrelsome and turbulent nature where a claim of self-defense raises an issue of who was

---

References for Points in Headnotes

[1] 40 Am Jur 2d, Homicide §§ 302-307.

Admissibility of evidence as to other's character or reputation for turbulence on question of self-defense by one charged with assault or homicide. 1 ALR3d 571.

[2] 4 Am Jur 2d, Appeal and Error § 476 *et seq.*

the aggressor; specific instances of violence and lawlessness generally are inadmissible.

2. Records — Amendment of Records — Court Rules.

The Court of Appeals, in its discretion, may permit a transcript or record to be amended to correct errors or add matters which should have been included in the transcript or record (GCR 1963, 820.1[4]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Derrick A. Carter),* for defendant on appeal.

Before: T. M. Burns, P.J., and V. J. Brennan and Wahls, JJ.

Per Curiam. After a jury trial, the defendant was convicted of manslaughter, MCL 750.321; MSA 28.553. He was sentenced to a prison term of 5 to 15 years and appeals as of right.

This case arose out of a stabbing incident. While in a bar and engaged in a pool game, the defendant and the victim began arguing. They left the bar at the request of the manager and continued the argument outside. The testimony was conflicting as to what occurred outside. One witness testified that the victim pushed the defendant, who then stabbed the victim. Another witness testified that both the victim and the defendant began swinging at each other once outside the bar, but the witness went inside the bar before the stabbing occurred. The defense offered no witnesses. Defense counsel argued that the defendant had acted in self-defense.

On appeal, the defendant claims that the trial court erred in finding that evidence of the deceased's prior convictions was not admissible. Defendant argues that evidence of the deceased's prior convictions was admissible, within the trial court's discretion, to support his self-defense claim that the victim was the aggressor, even though the defendant had no knowledge of the convictions and the convictions were unrelated to the homicide. At the trial, the victim's mother stated, out of the presence of the jury, that her son had prior convictions. However, the number and nature of the prior convictions were not revealed.

The rule governing the admissibility of such evidence was stated by the Court in *People v Cellura,* 288 Mich 54, 64; 284 NW 643 (1939):

"Defendant argues that it was reversible error for the court to refuse to permit evidence of other specific acts of violence on the part of deceased as bearing upon his violent character. Proof of the violent and turbulent character of deceased is admissible in homicide cases where there is an issue of self-defense, as bearing upon whether the deceased was likely to be the aggressor in such an encounter. Proof of specific acts is not, however, admissible as evidence of violent character in such a case. Evidence of the character of deceased must be confined to his general reputation, and evidence of particular acts of violence or lawlessness is not admissible unless they were directly connected with and involved in the homicide."

Also, see *People v Stallworth,* 364 Mich 528; 111 NW2d 742 (1961), and *People v Cooper,* 73 Mich App 660, 663-666; 252 NW2d 564 (1977).

Applying the *Cellura* rule to the present case, we find no error on the part of the trial court in refusing to admit evidence of the victim's prior convictions since the defendant does not claim that

he had knowledge of the convictions or that the convictions were related to, or involved with, the homicide. However, the defendant argues that the *Cellura* rule is no longer valid because the Michigan Rules of Evidence, adopted in 1978, changed the prior law to the extent that the defendant can now introduce specific acts of violence in order to show that the victim was the aggressor. Defendant cites MRE 404 and 405.[1]

MRE 404 states in relevant part:

"(a) *Character evidence generally.* Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

\* \* \*

"(2) *Character of victim of a crime other than a sexual conduct crime.* Evidence of a pertinent trait of character of the victim of the crime, other than in a prosecution for criminal sexual conduct, offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;

\* \* \*

"(b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crime, wrongs, or acts are contemporaneous with, or prior or subsequent to the crime charged."

MRE 405 states:

---

[1] Defendant's claim that MRE 609 changes the *Cellura* rule is meritless.

"(a) *Reputation.* In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation. On cross-examination, inquiry is allowable into reports of relevant specific instances of conduct.

"(b) *Specific instances of conduct.* In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct."

In our opinion, MRE 404 does not alter the *Cellura* rule but, rather, confirms that it is still the law in Michigan. While MRE 404(a)(2) allows evidence of the victim's character to be admitted to prove that the victim was the aggressor, MRE 404(b) specifically prohibits evidence of other crimes, wrongs, or acts of the victim to prove that the victim acted in conformity therewith. Because the defendant sought to introduce evidence of the victim's prior convictions as proof that the victim was the aggressor, we find that admission of the evidence was prohibited by MRE 404(b).

Further, we find that MRE 405 does not broaden MRE 404 to allow inquiry into prior convictions of the victim as proof that the victim was the aggressor when the defendant had no knowledge of the instances. We adhere to the firmly established precedent set forth in *Cellura* since specific acts of violence by the victim, unconnected with the accused, are too remote to have bearing on the issue of who was the aggressor.

Therefore, we conclude that, where a claim of self-defense in a homicide case raises an issue of who was the aggressor, in order to show the deceased's quarrelsome and turbulent nature, evidence of specific instances of violence by the deceased may be admitted if directly connected with and involved in the homicide or if known by the

defendant. However, specific instances of violence and lawlessness are generally inadmissible. The latter are too remote to show that the deceased was the aggressor in the particular case. If there are many such instances of violent behavior, presumably the deceased will have acquired a reputation for such behavior, which would be admissible by laying the proper foundation. Isolated acts of lawlessness, resulting in convictions, are insufficient to show that the deceased acted in conformity therewith on a particular occasion. The general proscription of MRE 404(b) applies to the present case.

Defendant's second claim is that the trial court erroneously instructed the jury that if there were two reasonable interpretations of the evidence, one indicating innocence and one indicating guilt, the jury must accept the latter.

The trial court instructed the jury, regarding circumstantial evidence, that the circumstances must be believed, that they must be consistent with guilt and inconsistent with innocence, and that they must be of such a conclusive nature and tendency to convince the jury of guilt beyond a reasonable doubt. The trial court then stated:

"And finally, if the evidence is open to two reasonable interpretations, one indicating guilt and the other innocence, it is your duty to accept that interpretation that is consistent with *an offense.*" (Emphasis added.)

The emphasized words should have read "innocence" under CJI 3:1:10.

The court reporter has submitted an affidavit which states that he compared the transcript to his notes and found that the transcript was inadvertently transcribed erroneously and should have read "innocence" instead of "an offense". We ac-

cept the court reporter's explanation, noting that there were many other errors in the transcript, and exercise our discretionary power under GCR 1963, 820.1(4) to correct the error in the transcript. *People v Jones,* 106 Mich App 429, 434; 308 NW2d 243 (1981).

Affirmed.