PEOPLE v POUNCEY

Docket No. 106520. Submitted August 15, 1989, at Detroit. Decided
December 13, 1989. Limited leave to appeal granted, 435 Mich —.

Ollie J. Pouncey was charged with first-degree murder, Recorder's
Court of Detroit. At trial, the court admitted evidence that a
friend of defendant stomped on the victim's head after the
victim had been shot but refused to admit evidence of the
victim's armed robbery conviction to prove that the victim was
the aggressor. The trial court instructed the jury on first-degree
murder, second-degree murder and involuntary manslaughter
but denied defendant's request for an instruction on voluntary
manslaughter. Defendant was convicted of second-degree mur-
der, Geraldine B. Ford, J., and appealed.

The Court of Appeals held:

1. A jury instruction must be given on a cognate lesser
included defense where requested and the evidence supports it
and failure to give it is error. Voluntary manslaughter is a
cognate lesser included offense of murder. The evidence was
sufficient to justify an instruction on voluntary manslaughter.
The court's error was not harmless, since the jurors could have
concluded that defendant's acts were intentional but mitigated.

2. The stomping was not part of the res gestae and was only
slightly probative, if that, but was highly prejudicial. The court
erred in allowing evidence of it.

3. The court did not err in excluding evidence of the victim's
armed robbery conviction.

Reversed.

1. HOMICIDE — VOLUNTARY MANSLAUGHTER — MURDER — LESSER
   INCLUDED OFFENSES.

   Voluntary manslaughter is a cognate lesser included offense of
   murder; murder may be reduced to voluntary manslaughter
   where there is such provocation that an ordinary person would
   kill in the heat of passion without time for reason to resume
   control.

REFERENCES

Am Jur 2d, Homicide §§ 42, 43, 56; Trial §§ 876, 877.

Lesser-related state offense instructions: modern status. 50 ALR4th
   1081.

2. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFEN-
    SES.
    A jury instruction must be given on a cognate lesser included
    offense where requested and the evidence supports it and
    failure to give it is error.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, and *Olga Agnello,* Assistant Prosecuting Attorney, for the people.

*Sean M. Taylor,* for defendant.

Before: MACKENZIE, P.J., and MARILYN KELLY and T. M. BURNS,* JJ.

PER CURIAM. The people charged defendant with first-degree murder. MCL 750.316; MSA 28.548. Following trial, a jury convicted him of second-degree murder and of possession of a firearm during the commission of a felony. MCL 750.317; MSA 28.549, MCL 750.227b; MSA 28.424(2). The trial judge sentenced him to ten to fifteen years for the murder conviction and two years for the felony-firearm. Defendant appeals as of right. We reverse and remand for a new trial.

This case arises from a shooting incident which occurred on May 4, 1987, at approximately 11:00 A.M. The day before the incident, defendant caught Derrick Bland in the act of stealing his car. The next day another car, belonging to defendant's friend, Gerald White, was stolen. Defendant, White, and Eric Johnston checked with the police and with the person who had sold the car to White. They were unable to locate it.

They then went to Bland's house. According to

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

defendant, they spoke to Bland's brother, Zachary. He told them Bland was not there. They came back a short time later and found Bland home. White asked Bland about the car, and he denied taking it. Defendant showed him a monkey wrench they had found and asked if it was his. Bland said it was not.

They left again and went to another house where White intended to get money. As White left the house, Bland, Zachary, and Steve Powers pulled up. There was an argument about the missing car. White went back into the house. Powers came toward defendant with his hands raised, threatening to beat him up. Defendant ran into the house, grabbed a shotgun and reemerged. He said he wanted to scare them off. Johnston and Powers were still arguing. Defendant fired a shot. He claimed he intended to hit the ground. Instead, he hit Powers in the abdomen and killed him.

Defendant contends that the trial court erred when it refused to give an instruction on voluntary manslaughter. The trial judge instructed the jury on first- and second-degree murder. She instructed also on involuntary manslaughter which is death from a firearm intentionally aimed without malice, and careless, reckless discharge of a firearm resulting in death.

Voluntary manslaughter is a cognate lesser included offense of murder. An instruction must be given on it when requested and supported by the evidence. *People v King,* 98 Mich App 146; 296 NW2d 211 (1980). Failure to give the requested instruction, where the evidence supports it, is error. *People v Beach,* 429 Mich 450; 418 NW2d 861 (1988).

Murder may be reduced to voluntary manslaughter where there is such provocation that an ordinary person would kill in the heat of passion

without time for reason to resume control. *People v Younger,* 380 Mich 678, 681; 158 NW2d 493 (1968). Defendant may still be found to have the intent to kill or an intent to do serious bodily harm. *People v Townes,* 391 Mich 578, 589; 218 NW2d 136 (1974).

In this case, there was evidence of provocation and passion. Several witnesses testified that defendant and Powers had been arguing and that Powers wanted to fight. The evidence was sufficient to support a conviction of voluntary manslaughter. The instruction should have been given.

Moreover, the failure to give the instruction was not harmless error. Defendant was originally charged with first-degree murder. The jurors convicted him of second-degree murder. Thus, they must have found there was no premeditation or deliberation. They were left with a choice between second-degree murder and involuntary manslaughter. Involuntary manslaughter is an unintentional killing; there must be no intent to cause death or serious bodily harm. *Townes,* 141. Hence, the jurors could have concluded that defendant's acts were intentional but mitigated. Under the instructions given, they were compelled to convict of second-degree murder, because there was no other choice which included an intent to kill or to harm.

Although we reverse based on the previous issue, we briefly address defendant's remaining issues for the benefit of the parties on retrial.

Defendant argues that the court erred by admitting evidence that, after Powers had been shot, White stomped on his head. Defense counsel moved to suppress this evidence, claiming that it was more prejudicial than probative. The court denied the motion, concluding that the evidence was part of the res gestae of the offense.

We do not believe that the stomping was part of

the res gestae. It was not necessary to reveal it in order to give the killing its proper effect. *People v Kayne,* 268 Mich 186, 191-192; 255 NW2d 758 (1934). It may have been slightly probative of defendant's intent. However, it occurred after the shooting and was committed by someone else. There is no evidence that defendant told White to stomp on Powers. On the other hand, evidence of such malice was extremely prejudicial to defendant. We conclude that the probative value was outweighed by the prejudicial effect. MRE 403. The court abused its discretion in admitting the evidence. *People v Watkins,* 176 Mich App 428, 430; 440 NW2d 36 (1989).

Finally, we conclude that the court did not err in excluding evidence of Powers' armed robbery conviction when offered to prove he was the aggressor. MRE 404(b); *People v Nichols,* 125 Mich App 216, 218-221; 335 NW2d 665 (1983).

Reversed.