*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WILLIAM DAWUN EDWARDS,

        Defendant-Appellant.

FOR PUBLICATION
May 7, 2019
9:00 a.m.

No. 344541
Berrien Circuit Court
LC No. 2018-000102-FC

Before: METER, P.J., and SAWYER and CAMERON, JJ.

CAMERON, J.

In this interlocutory appeal, defendant challenges the trial court's pretrial orders denying his motions to admit evidence in this homicide case of the decedent's specific acts of violence against defendant and against third persons, and to exclude evidence of defendant's daughter's allegation of criminal sexual conduct by defendant. We reverse the trial court's ruling regarding evidence of the decedent's specific acts of violence against defendant, vacate the trial court's ruling regarding evidence of the decedent's specific acts of violence against third persons, and affirm the trial court's other evidentiary ruling as to the allegation of criminal sexual conduct.

Defendant lived with the decedent, Novena Mathis, a woman with whom defendant had two children in common. On January 7, 2018, just after midnight, their daughter and her two children moved into the decedent's home. When the daughter arrived, defendant became angry, and he gathered his belongings and asked the decedent to give him a ride. The decedent told the daughter that she would be back shortly, but that was the last time the daughter saw the decedent alive.

Family members reported the decedent missing, and the police later found her body in her car in a parking lot. Her purse, which held a small hatchet, was retrieved from the car. Detectives investigated and interviewed defendant. Defendant told the detectives that he and the decedent stopped the car in a parking lot and argued over the decedent's decision to allow their daughter to move into the home. Defendant admitted to the detectives that his daughter accused him of criminal sexual conduct years before and that he had been forced to move out because he could not live in the same house with her. Defendant admitted that her move into the home

-1-

made him angry and caused him to get into the argument with the decedent. He also explained that their argument escalated, and when the decedent reached for her purse, defendant pulled out a gun and shot her. Defendant told the detectives that he knew that the decedent had a hatchet in her purse and that he thought she intended to use it on him.

Defendant claims that he killed the decedent in self-defense. Defendant moved in limine for admission of evidence of an incident that occurred during an argument that defendant had with the decedent on December 7, 2017, in which the decedent attacked him with a hatchet and severely injured him, resulting in his hospitalization. Defendant also moved for admission of specific acts of violence and aggression by the decedent against third persons of which he had knowledge. The trial court ruled inadmissible the specific acts of violence and aggression by the decedent. Instead, the trial court held that only evidence of the decedent's reputation for violence was admissible—a much more restrictive ruling.

Defendant argues that the trial court erred by denying the admission of all specific-acts evidence because such evidence had relevance to defendant's claim of self-defense. We partly agree.

We review for an abuse of discretion a trial court's decision to admit or exclude evidence. *People v Dobek*, 274 Mich App 58, 93; 732 NW2d 546 (2007). We review de novo a trial court's interpretation of the Michigan Rules of Evidence. *Id*. A trial court abuses its discretion if its decision falls outside the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

The admissibility of character evidence is governed by MRE 404 and MRE 405. MRE 404 provides in relevant part:

> **(a) Character evidence generally.** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> (1) *Character of accused.* Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same; or if evidence of a trait of character of the alleged victim of the crime is offered by the accused and admitted under subdivision (a)(2), . . . ;
>
> (2) *Character of alleged victim of homicide.* When self-defense is an issue in a charge of homicide, evidence of a trait of character for aggression of the alleged victim of the crime offered by an accused, . . . . [MRE 404(a)(1) and (a)(2).]

MRE 405 provides the methods of proving character:

> (a) In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into reports of relevant specific instances of conduct.

(b)   In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.  [MRE 405(a) and (b).]

In *People v Harris*, 458 Mich 310, 314-316; 583 NW2d 680 (1998), a homicide case, the Michigan Supreme Court held that evidence of the violent character of the decedent in the form of reputation evidence could be admitted, even if unknown to the defendant, to show the decedent's probable aggression and act of violence at the time he was killed.  Our Supreme Court explained, however, that reputation evidence could not be used to prove the defendant's state of mind unless he knew about the decedent's character at the time:

> [W]here a defendant charged with murder asserts that he killed in self-defense, his state of mind at the time of the act is material because it is an important element in determining his justification for his belief in an impending attack by the deceased.  The reputation of the deceased for a violent or turbulent disposition is a circumstance that would cause such a belief.  However, unlike evidence tending to show that the victim was the aggressor, the deceased's violent reputation must be known to the defendant if he is to use it to show that he acted in self-defense.  Reputation in the neighborhood where both live is sufficient with nothing more.  The strength of the deceased as well as his habitual carrying of weapons or his possession of them at the time of the affray, if known to the defendant, should be considered as properly affecting his apprehensions.  The purpose of this evidence is to show the defendant's state of mind; therefore, it is obvious that the victim's character, as affecting the defendant's apprehensions, must have become known to him, otherwise it is irrelevant.  [*Id*. at 316-317 (quotation marks and citations omitted).]

Our Supreme Court also distinguished character evidence used in relation to an ultimate issue in a case from character evidence used as circumstantial evidence of an act.  *Id*. at 317.  The Supreme Court explained that, in cases where "character is 'in issue,' the character of a person may be an element of the . . . defense."  *Id*. at 318.  In such cases, "[MRE 405] allows specific instances of violence to be admitted."  *Id*. at 319.  The Court cited this Court's decision in *People v Cooper*, 73 Mich App 660; 252 NW2d 564 (1977), for the well-settled law that specific acts of aggression by the decedent are admissible to establish that the defendant acted under a reasonable apprehension of harm.

In cases where the decedent's character was not an essential element and "in issue," our Supreme Court clarified that the general rule applied, and the decedent's character "may not be shown by specific instances of conduct."  *Harris*, 458 Mich at 319.  Our Supreme Court explained:

> As a general rule, the character of the victim may not be shown by specific instances of conduct unless those instances are independently admissible to show some matter apart from character as circumstantial evidence of the conduct of the victim on a particular occasion.

> "[W]hen character is not an essential element, it may be shown only by reputation or opinion evidence . . . . Hence, construed literally, Rule 405 does not permit a defendant to use specific instances to show that the victim was the aggressor since the aggressive character of the victim is not an essential element of the defense of self-defense since the aggressive character of the victim is introduced as circumstantial evidence to show that the victim committed the first or primary act of aggression against the defendant, which is to say that the defense of self-defense in this situation makes an act of the victim, rather than a trait of the victim's character, the material issue." [*Id.* (citations omitted).]

Thus, the rule enunciated in *Harris* is twofold. First, evidence of a victim's character for aggression is admissible as reputation evidence, even if the defendant does not have knowledge of the decedent's character, to show that the decedent was the probable aggressor. With that said, reputation evidence of the decedent not known to the defendant is inadmissible if used to prove an essential element of self-defense, e.g., a reasonable apprehension of harm. Second, evidence of the decedent's specific acts of violence is admissible only to prove an essential element of self-defense, such as a reasonable apprehension of harm.

In this case, defendant sought the admission of evidence that fell within the category of specific-acts evidence discussed and distinguished in *Harris*, i.e., specific-acts evidence used to show an essential element of self-defense. Application of the analysis articulated in *Harris* to the facts of this case establishes that the trial court erred because it failed to differentiate between the evidentiary nuances set forth in *Harris*.

Defendant sought the admission of evidence of the decedent's specific acts of violence committed against him personally: the decedent's alleged December 2017 assault with the hatchet that resulted in defendant's hospitalization. Defendant sought admission of this specific-acts evidence to establish an element of his claim of self-defense—that he had a reasonable apprehension of harm from the decedent because he knew she carried a hatchet in her purse and had recently injured him with it. Defendant claimed that the decedent's recent attack caused him to fear imminent harm when the decedent reached for her purse just before he shot her.

To prove he acted in self-defense, defendant had to present evidence that he had a reasonable belief that he had to use deadly force to prevent his death or great bodily harm to himself. *Cooper*, 73 Mich App at 663. As explained in *Harris*, under MRE 405(b), the specific acts evidence of the decedent's violent assault placed the decedent's character in issue. This evidence, if admitted, directly impacts defendant's ability to prove that he acted in self-defense based on his reasonable apprehension of imminent bodily injury or death. Unlike the defendant in *Harris*, who did not have direct knowledge of specific acts of aggression and sought admission of evidence of the decedent's general reputation to establish that the victim probably acted aggressively at the time he was killed, defendant's evidence in this case is directly relevant to an ultimate issue in his defense. Accordingly, the trial court abused its discretion by excluding this admissible specific-acts evidence.

Defendant also sought the admission of evidence of specific acts of violence and aggression by the decedent against third persons years before the incident. He filed a motion in limine to admit seven separate assaults that the decedent reportedly perpetrated on members of her family and defendant's ex-girlfriend. The prior assaults range from a relatively minor 18-year-old PPO harassing complaint to more recent allegations of physical assaults. During the motion hearing, defense counsel asserted that his client was personally aware of these prior assaults and further argued that these assaults were admissible at trial to support his defense that defendant honestly and reasonably believed that he was in imminent danger of being severely attacked by the decedent. Depending on the nature and timing of the prior assaults, defendant may very well have presented a recognized basis to admit specific-act evidence under MRE 405(b).

However, the trial court misconstrued defendant's legal argument and denied defendant's motion to admit evidence without any individualized analysis. In summarily denying defendant's motion to admit the evidence, the trial court seems to have concluded that defendant argued that he was entitled to introduce specific acts of conduct to prove the decedent's reputation for violence. If that were the case, the trial court's exclusion of specific-act evidence would be on solid legal ground. MRE 405(a). But, as previously stated, defendant's theory of admission was to support his honest and reasonable belief that his use of force was necessary to support his self-defense theory. Therefore, the trial court was required to examine each allegation and then determine its admissibility as it may bear on the defendant's state of mind at the time of the shooting. The trial court did not engage in any such examination. Instead, as the following excerpt from the motion hearing reveals, the trial court misinterpreted our Supreme Court's decision in *Harris*, and as a result, the trial court never specifically addressed the admissibility of each specific act on the merits:

> [*Defense counsel*]: I think the caselaw is that, specific acts of aggression are inadmissible to the extent that [defendant] is aware of them at the time that the shooting happens, because those speak to his honest--his reasonableness of--the reasonableness of his belief that the other person would act violently.
>
> *The Court*: You think that's what *People v Harris* says?
>
> *Defense Counsel*: That's exactly what I think *People v Harris* says.
>
> *The Court*: Really? Where—Where is that? Where do they say that?

After additional discussion about the holding of *Harris*, the trial court issued it ruling: "So, I am granting [defendant's] motion in part, as to the reputation evidence only, denied as to the evidence of specific acts, or evidence of violence, based on the holding in *People v Harris*." Thus, the trial court, in misconstruing defendant's argument, concluded that, under *Harris*, a defendant cannot introduce specific acts of violence as reputation evidence. While this is certainly true under *Harris*, defendant was not in this instance requesting the use of reputation evidence. Defendant sought the admission of specific acts of violence by the decedent that he knew about at the time of the shooting to show his reasonable apprehension of harm. See *Harris*, 458 Mich at 319 (relying on *People v Farrell*, 137 Mich 127; 100 NW 264 (1904) for the

-5-

proposition "that specific acts may not be shown to establish that the victim was the aggressor," but specific acts "may be shown to establish reasonable apprehension of harm").

We order the trial court on remand to engage in a full evidentiary analysis as to each of the decedent's specific acts of violence on third persons to determine its admissibility. Importantly, while the evidence defendant seeks to admit may be admissible under MRE 404(a) and MRE 405(b), the trial court never reached the question of relevancy and undue prejudice. Under MRE 401, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." On remand, the trial court should first determine whether each of the decedent's violent acts against third persons is relevant to the self-defense claim. The trial court should then determine whether the evidence is admissible under MRE 403. Under MRE 403, evidence is only admissible if its probative value substantially outweighs the danger of unfair prejudice. In determining unfair prejudice, courts may consider a number of factors as enunciated under *People v Watkins*, 491 Mich 450, 487-488; 818 NW2d 296 (2012), such as whether the specific-acts evidence is temporally remote and has a causal connection.

Defendant also argues that the trial court erred by not excluding evidence of his alleged criminal sexual conduct against his daughter as inadmissible other-acts evidence under MRE 404(b). We disagree.

Other-acts evidence is governed by MRE 404(b)(1), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

In *Dobek*, 274 Mich App at 85-86, this Court considered the admissibility of other-acts evidence and stated:

> Evidence of other acts may be admitted under MRE 404(b)(1) if (1) the evidence is offered for a proper purpose, i.e., "something other than a character to conduct theory," (2) the evidence is relevant under MRE 402, as enforced by MCR 104(b), "to an issue or fact of consequence at trial," and (3) the probative value of the evidence is not substantially outweighed by its potential for undue or unfair prejudice under MRE 403. *People v VanderVliet*, 444 Mich 52, 74-75; 508 NW2d 114 (1993), amended 445 Mich 1205, 520 NW2d 338 (1994), citing and quoting *Huddleston v United States*, 485 US 681, 687, 691-692; 108 S Ct 1496; 99 L Ed 2d 771 (1988). With respect to the first two *VanderVliet* requirements,

our Supreme Court in *People v Knox*, 469 Mich 502, 509-510; 674 NW2d 366 (2004), reviewing the law regarding MRE 404(b), stated:

> "In *People v Crawford*, 458 Mich 376, 385, 582 NW2d 785 (1998), this Court explained that the prosecution bears the initial burden of establishing the relevance of the evidence to prove a fact within one of the exceptions to the general exclusionary rule of MRE 404(b). "Relevance is a relationship between the evidence and a material fact at issue that must be demonstrated by reasonable inferences that make a material fact at issue more probable or less probable than it would be without the evidence." *Crawford, supra* at 387. Where the only relevance of the proposed evidence is to show the defendant's character or the defendant's propensity to commit the crime, the evidence must be excluded."

This Court explained that the proponent of the other-acts evidence must recite one of the purposes stated in MRE 404(b) and articulate how the evidence relates to the recited purpose. *Dobek*, 274 Mich App at 85.

In this case, the prosecution gave the trial court a reason to allow the admission of the evidence of defendant's sexual assault of his daughter when she was five years old. The prosecution explained to the trial court that the alleged sexual assault evidence had nothing to do with defendant's propensity to commit the charged offenses but that the evidence's admission would establish that defendant had a motive for killing the decedent. The prosecution explained that: (1) on the day of the incident, the daughter moved into the decedent's home where defendant resided; (2) defendant became angry at the decedent over her decision to allow the daughter to move into the home because she previously alleged that defendant sexually assaulted her and he could not live in the same home with her because of her previous allegations against him; and (3) defendant directed his anger at the decedent and killed her out of anger over the situation.

The record establishes that the prosecution recited one of the proper purposes stated under MRE 404(b) and explained how the evidence related to the recited purpose. The record supports the prosecution's explanation for admission. A detective testified at defendant's preliminary examination that defendant told him that his argument with the decedent centered on the daughter's moving into the house because she had made sexual assault allegations against defendant. Defendant told the detective that his argument with the decedent escalated to the point where defendant pulled out a gun and shot the decedent. Therefore, the prosecution proposed admission of this evidence to prove defendant's motive for the homicide, which is an admissible purpose.

Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." MRE 403. Under MRE 403, the trial court had to consider whether, although relevant, unfair prejudice outweighed this evidence's probative value. The record reflects that the trial court applied the

MRE 403 test and found that the evidence went to the issue of motive and could establish the fact that defendant became angry and that his anger was highly probative regarding the circumstances that led to the offense. The trial court found that the anticipated testimony had substantial probative value and stated that defendant could counter the evidence to balance any prejudicial effect. The admission of the evidence, like all inculpatory evidence, likely would be prejudicial to defendant, but the evidence's probative value respecting his motive for the shooting—an area in which defendant and the prosecution disagreed vehemently—is not substantially outweighed by the danger of unfair prejudice. Accordingly, the trial court did not abuse its discretion by ruling that the evidence of the sexual assault would be admitted at trial.

Reversed in part, vacated in part, affirmed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Patrick M. Meter